This is a proceeding brought to reverse a judgment of the court of common pleas of Clermont county. The errors assigned are, that the court erred in ruling out evidence offered by the plaintiff in error. 2nd. In sustaining the motion of the defendant in error, the defendant below, to arrest the testimony from the jury, and to dismiss the action. 3rd. In refusing to'grant a new trial.
The petition of the plaintiff below averred in substance the appointment of plaintiff as the administrator of the estate of Glasgow, and that the defendant is a corporation' under the laws of this state, owning and operating a railroad therein. That Glasgow, plaintiff’s intestate, was in *263 the employ of the defendant as engineer of one of it» trains, and on September 5, 1893, was engaged in running; a locomotive with a train of cars attached on defendant’s' road, under the direction of the superintendent and agent» of said company. That said company had theretofore constructed a switch and side track to be used in connection with its main track at or near Rarden station in Adams county, Ohio, and on the day named and prior thereto, the defendant was operating a construction train along the line of its said road, which said 'train consisted of a locomotive. with tender and flat cars attached thereto; and said construction train was on the evening of September 4, 1893 placed on said side track by direction of the superintendent, and agents of the defendant company, and on the night of: September 4, and the morning of September 5, were under the management, control and supervision of an engineer,, fireman and night watchman employed by the said defendant to manage and control said locomotive and cars, and. to manage and control said switch and side track when, and while used by said construction train. That said persons so employed to do this were negligent, unexperienced and incompetent, and they were negligently and carelessly so employed by the defendant in disregard of its duty to Glasgow in the premises to employ prudent, skilled and. competent persons to perform said duties.
That about 3 A. M. of September 5th, the train on-which Glasgow was engineer, approached the east end of said switch on the way to Cincinnatti, and then and there, by reason of the wrongful act, carelessness and negligence-of said engineer, fireman and watchman, so as aforesaid managing and controlling said switch, side track, locomotive and flat cars, said switch was open and in an unsafe and improper condition for the train and locomotive upon which; Glasgow was engineer as aforesaid, to pass upon the mam,, track, as in the line of his duty and employment he was re *264 quired to do, all of which was unknown to Glasgow; and by reason of said switch being open and in an unsafe and improper condition as aforesaid, his locomotive and train left the main track and ran upon said switch and side track, and collided with the locomotive so as aforesaid standing on said side track, with great force and violence. That Glasgow, seeing that a collision was inevitable, in order to avert death or great bodily harm,sprang from his locomotive, and without fault on his part was so mangled and injured by the fall, that he died September 13, 1893.
The petition further alleges that the injury to,- and the death of Glasgow were caused by the wrongful acts, negligence and carelessness of the defendant and its superintendent and agents in employing said unskillful and incompetent persons to manage and control said switch and side track and said locomotive and flat cars standing thereon, and by the wrongful act, negligence and carelessness of said engineer, fireman and watchman in leaving said switch open and in an unsafe condition as aforesaid, and in managing and controlling said switch and side track, and the locomotive and flat' cars standing thereon, and wholly without fault or negligence of the said Glasgow.
The petition avers that Glasgow left a widow and two young children dependent upon him, and that by reason of the premises they have been injured to the amount of $10,000, for which plaintiff asks judgment.
The defendant by its answer admitted the allegations as to its being a railroad company, and that Glasgow at the time stated.was in its employ as an engineer, and that he was injured at the point stated on September 5, 1893, and afterwards died, That a switch had been constructed at Rarden, and thai on the day named a construction train with engine had been placed thereon, but denies all other allegations of the petition. It then averred that Glasgow was himself careless and negligent in his duty as engineer *265 at the time named, and by his own negligence and carelessness contributed directly to his own death, and that the defendant is not responsible. That on the evening before the accident, about 10 P. M., he was engineer on a tram from Cincinnati to Portsmouth, and that when he stopped at Rarden the headlight of his engine was showing directly upon the switch, and if it was open and he had kept a lookout as was his duty to do, he could plainly have seen that the switch was improperly turned, and by the exercise of care could have prevented the accident if the switch was then open, and that his was the last engine that passed there until the .accident occurred. That shortly before the accident,Glasgow, as he was going west approaching Rarden Station, was running his train at a very high speed, much greater than it was his duty to run according to the schedule of his train and according to his duty to approach the station at a moderate rate of speed in order to be able to stop bis train at said station in case he was notified by signal or otherwise to do so; that as engineer he had the superintendence and control of his engine and fireman, and could have approached the said station at moderate speed, which it was his duty to do; but on the contrary, he then ran it at such a high rate of speed that he was unable to observe the switch target which was plainly visible for several hundred feet, and if he had been in the proper dis.charge of his duty, he could have seen the condition of the switch, and could have stopped his train and prevented the accident. That he thus, by his carelessness and negligence, directly contributed to his own injury. The answer further averred that if the plaintiff’s intestate met his death by the carelessness and negligence of anybody, that such carelessness and negligence was that of a fellow servant and co-employe with him, for which the defendant company is not liable.
The new matter was denied by the reply of the plaintiff.
It should have been stated that before filing an answer *266 to this petition as amended, the defendant filed a general ‘demurrer thereto which was overruled by the court, and exception was duly noted
On the issues raised by the pleadings, the case proceeded to trial, and at the conclusion of the evidence offered by the plaintiff, the defendant moved the court to arrest the testimony from the jury and enter a judgment for defendant. This motion was granted, and the plaintiff excepted and filed a motion for a new trial which was overruled by the court, and bill of exceptions allowed which set forth all the evidence offered in the case, with the rulings of the court as to the admission of evidence.
At the trial, as shown by the bill of exceptions, the plaintiff introduced evidence tending to show that the accident to the train of which Glasgow was the engineer, was caused by the negligence and carelessness of the night watchman, whose duty it was to care for the engine and cars of the construction train, with which th.e train, of which Glasgow was the engineer, collided. That he was a young man who had worked about the shops at Portsmouth for a short time, under the notice of the officer in charge there, and who, with the authority of the defendant company, had a few days before this collision, assigned him to the position of night watchman at this switch, to take charge of the engine and construction train after the engineer and .fireman had quit work in the evening. His orders were not to move the engine at all, But on the evening in question, he did take the engine from the side track (whether with or without the consent of the engineer does not plainly appear) out upon the main track to a point where coal was stored, and brought it back, and as he approached the switch, called to a boy who stood near and had him open the switch, and ran the engine onto the side track and then told the boy to lock the switch, not telling him to first turn it for the main track as should have been done. The boy *267 obeyed the direction,and the watchman paid no further attention to it, and thus the subsequent collision occurred — ■ the switch having been left in this condition until Glasgow’s train came from the east in the morning, and ran upon the side track. This of course was gross carelessness on the part of the watchman, and were it not that he and Glasgow were fellow servants in the employment of the company he, Glasgow, or his representative, would have had a right of action against the company for the injury caused to him by reason of such carelessness on the part of the watchman. But as it was,we understand it to be conceded, that the fact stated would prevent recovery against the company on account of the negligence of the watchman, if due care had been exercised in selecting him for this position. And therefore it was that the principal effort of the plaintiff was to show that such care had not been exercised by the company, and the petition expressly averred that such was the case, and it is probable that such a state of fact was shown as to require the court to submit this question to the jury, as well as the one. whether the evidence offered on the part of the plaintiff showed contributory negligence on the part of Glasgow, instead of holding that the evidence on these questions showed that plaintiff was not entitled on these grounds to recover, if in fact such was the reason assigned by the court, which does not appear. We are of the opinion, however, that upon another ground the action of the court was right. As will be seen from the statement made as to the allegations of the petition, the negligence charged againt the defendant company, was in employing unskillful and incompetent persons to manage and control said switch and side track, and said locomotive and flat cars standing on the side track. There is no definite allegation that when such persons were employed to discharge these duties, that the company or its agents knew, or ought to have known that they were in fact unskillful *268 and incompetent to discharge those duties; but we suppose the statement in the petition that they did so negligently and carelessly employ would take the place of an allegation of that kind. But we understand the law to be, that when an action of this character is brought by an employe against a person or corporation by whom he was employed, to recover damages received by him while in the service of the company by reason of any defect in the machinery of the employer with which he was working, or from the negligence of the master in furnishing proper appliances, or in caring for the premises where the work is to be done,r the plaintiff in his petition “must aver want of knowledge on his part of such defects, or that having such knowledge, he informed the master and continued in his employment upon a promise, expressed or implied, to remedy the defects. An'averment that the injury occurred without fault on his part is not sufficient. ” 49 Ohio St., 598. If this doctrine applies to a case like this, and we think it does, the petition in this case was radically defective, and the demurer filed thereto should have been sustained. See,also Coal Co. v. Clay’s adm’r., 51 Ohio St., 542, and Hesse, adm’x., v. Railroad Co., 89 Bul. 216.
But it was overruled, and the case was tried on the issues raised. If on the trial of the case the evidence had shown that the engineer, Glasgow, was at the time of the accident wholly ignorant of the fact that the night watchman to whose negligence and carelessness the collision was due, was for any cause an unsuitable or unsafe person for such position, there might be a question whether the court should not have allowed the petition to be amended to correspond to the proof, instead of withdrawing the evidence from the jurj. But as we read the testimony,there is nothing which tends to show that the plaintiff’s intestate had not full knowledge of the want of capacity on the part of the watchman, and that he voluntarily assumed the risk of *269 any accident which would result from his being there. In the case already cited, it is distinctly. held that not only is the plaintiff bound to make the averments in his petition, but to make out his claim by proof thereof. The difficulty in this case was'that the plaintiff did not offer any evidence tending to prove that this intestate had not knowledge of the watchman’s capacity, and therefore the trial court did not err in its ruling as to the motion to withdraw the case fom the jury.
Frazier & Hicks, for Plaintiffs in error.
Judge A. C. Thompson, J. B. Sioing, and De Camp & Hollister for Defendant in error
There are several rulings of the court as to the admission of evidence complained of, but if the evidence rejected had been received, it did not apply to this question, and if erroneous they were not prejudicial. The judgment must therefore be affirmed.